**Spaar Estate**

*Robert L. VanHoove*, for accountants.
*Arthur Grim*, for American Bank & Trust.
*Richard Golden*, for exceptant.

WESNER, *J.*, March 5, 1979—Mrs. Florence A. Spaar, the testatrix, "poured over" funds from her will to a trust established by her husband in his will for the benefit of their daughter. The question presented here deals with the addition of moneys in excess of the set dollar figure of the trust.

## FINDINGS OF FACT

1. Florence A. Spaar, widow of J. Ralph Spaar, died February 21, 1975, a resident of the City of Reading, Berks County.

2. Robert H. Spaar, son of the testatrix, J. Ralph Spaar, and American Bank and Trust Co. of Pa. were appointed executors on March 11, 1975. Letters testamentary were issued on that date.

3. J. Ralph Spaar, husband of the testatrix, died February 13, 1968; his estate was probated February 27, 1968. Letters testamentary were issued on February 27, 1968.

4. Under Item VII(A) of the last will and testament of J. Ralph Spaar, a trust fund in the sum of $50,000 was established for the benefit of Florence A. Spaar and Elizabeth M. Spaar. Upon the death of Florence A. Spaar, the trust was to continue for the maintenance, welfare and education of Elizabeth M. Spaar.

5. Under Item VI(A)1(a), Robert H. Spaar is to receive any accumulated income, exclusive of capital accruals or appreciation, not needed for the

maintenance, welfare and education of Elizabeth M. Spaar.

6. There existed an interlineation in the will of J. Ralph Spaar in that the words "wife's - J.R.S." were added in longhand to the will. This court held the interlineation valid by order of this court dated November 15, 1977. Therefore, the income from the trust must be accumulated for five years from the date of death of Florence A. Spaar before any distribution is possible.

7. Under paragraph third of the last will and testament of Florence A. Spaar, half of the proceeds of a sale of household goods were to be added to an existing trust set up by J. Ralph Spaar for the benefit of Elizabeth M. Spaar.

8. Under paragraph third of the last will and testament of Florence A. Spaar, the sum of $11,902.63, as set forth in the schedule of distribution which was approved by adjudication and decree dated May 6, 1976, was distributed to the American Bank and Trust Co. of Pa. and added to the existing trust established by J. Ralph Spaar.

9. At the time of the death of Florence A. Spaar, the existing trust fund established by J. Ralph Spaar had a principal balance of $51,653.09.

10. The testatrix directed the funds under paragraph third of her will to the existing trust set up by J. Ralph Spaar under the terms, conditions and provisions of that trust.

11. Item VII, paragraph 2 of the will of J. Ralph Spaar directs that the rest, residue and remainder of the trust fund go to Robert H. Spaar, absolutely.

12. Elizabeth M. Spaar is an incompetent, and a resident of Wernersville State Hospital, Wernersville, Pa.

13. Jack G. Mancuso, Esq., was appointed by the Orphans' Court Division of Berks County Court of Common Pleas as guardian ad litem for the interests of Elizabeth M. Spaar.

## ISSUE

When a testator "pours over" from his will to a trust according to the terms and provisions of that trust, what disposition should be made of the moneys in excess of the set dollar value of the trust?

## DISCUSSION

The "pour over" portions of the testatrix's will appear in paragraph third of the testatrix's will which reads:

"I direct that my household goods and real estate, situate at 1509 North Fourteenth Street, Reading, Berks County, Pennsylvania, be sold subject, however, to my desire that my son, ROBERT H. SPAAR, and his wife, IRMA SPAAR, be given a choice of such household goods without charge prior to such sale and the proceeds of such sale, thereafter to be equally divided between my son, ROBERT H. SPAAR, and my daughter, ELIZABETH SPAAR. The share that would be distributed to my daughter, ELIZABETH SPAAR, shall be distributed to the American Bank and Trust Co. of Pa., as Trustee, and added to an existing trust at American Bank and Trust Co. of Pa. that had previously been established by my late husband, J. RALPH SPAAR, under and subject to the terms, conditions and provisions of such existing trust."

J. Ralph Spaar established the trust fund through his will for the benefit of Elizabeth M. Spaar. Item VII of J. Ralph Spaar's will reads in part:

"ITEM VII. All the rest, residue and remainder of my estate, real, personal or mixed, of whatsoever nature and wheresoever situate, which I may own or have the right to dispose of at the time of my decease, I give, devise and bequeath unto my hereinafter named trustees, In Trust, for the following uses and purposes:

"(A) to set apart and hold as a separate trust fund for the benefit of my wife, Florence A. Spaar and my daughter, Elizabeth M. Spaar. During the lifetime of my wife, she shall receive all the income and any amount of principal she may need in order to maintain the standard of living under which she was maintained at the time of my death. My Trustees shall also be authorized to use any amount of principal that may be necessary for the maintenance, welfare and education of my daughter, Elizabeth M. Spaar, provided however, that any principal used for her benefit shall be first approved by my wife. Upon the death of my wife, this trust shall continue on in the following manner:

"1. I give, devise and bequeath unto my hereinafter named trustees the sum of Fifty Thousand ($50,000.00) Dollars in Trust, for the following uses and purposes:

"(a) to set apart and hold as a separate trust fund for the benefit of my daughter, Elizabeth M. Spaar, and to manage, invest and re-invest such trust fund and to collect the rents, interest, dividends and other income therefrom, and after the payment of all lawful charges therefrom, to pay over and apply all or any part of such income that may be needed

for the maintenance, welfare and education of my daughter. My trustees shall also be authorized to expend any amount of principal that may be necessary for the maintenance, welfare and education of my daughter, provided however, such use of principal shall be made only after all possible contributions of income and principal have been made from all other trust funds, etc. existing for her benefit.

"Any income not used or needed for the maintenance, welfare and education of my daughter shall be accumulated for a period of five years after my wife's death, and then and thereafter, any of such excess accumulated income, exclusive of capital accruals or appreciation, which shall remain in this trust fund, shall be paid over annually to my son, Robert H. Spaar. It is my expressed direction that no excess income shall be paid over to my son during any period in which the principal sum of Fifty Thousand ($50,000.00) Dollars plus all capital accruals and appreciation is not held intact. During such periods, any excess income shall be accumulated until the reduction is restored. . . .

"2. All the rest, residue and remainder of this trust fund originally established for my wife and daughter, and after the establishment of the foregoing separate trust for my daughter, wheresoever and whatsoever the same may be, I give, devise and bequeath unto my son, Robert H. Spaar, absolutely. Should my son predecease me or die simultaneously with me, this residue shall be distributed in accordance with the same provisions I have heretofore established for the benefit of my daughter and under which my son is the remainderman."

There is no doubt that "pour overs" from wills to trusts already in existence are permissible. This

was made clear by 20 Pa.C.S.A. §2515, Devise or bequest to trust:

"A devise or bequest in a will may be made to the trustee of a trust (including an unfunded life insurance trust, although the settlor has reserved any or all rights of ownershp in the insurance contracts) established, in writing, by the testator or any other person before, concurrently with or after the execution of the will. Such devise or bequest shall not be invalid because the trust is amendable or revocable, or both, or because the trust was amended after execution of the will. Unless the will provides otherwise, the property so devised or bequeathed shall not be deemed held under a testamentary trust of the testator but shall become and be a part of the principal of the trust to which it is given to be administered and disposed of in accordance with the provisions of the instrument establishing that trust and any amendment thereof. An entire revocation of the trust prior to the testator's death shall invalidate the devise or bequest unless the will directs otherwise."Act of June 30, 1972, P.L. 508, sec. 2, effective July 1, 1972.

The sum of $11,902.63 was transferred to the American Bank and Trust Co. of Pa. as trustee for Elizabeth M. Spaar in accordance with the adjudication of May 6, 1976. At the time of that transfer the principal sum of $51,653.09 existed in the trust fund as established by J. Ralph Spaar. Mrs. Spaar's addition to the fund brought the balance to $63,555.72 in principal. The trust fund as established by J. Ralph Spaar was for the principal sum of $50,000. Therefore, any moneys in excess of $50,000 must be ". . . disposed of in accordance with the provisions of the instrument establishing

that trust and any amendment thereof." 20 Pa.C.S.A. §2515. The will of Florence A. Spaar indicates that her contribution to the trust should be "under and subject to the terms, conditions and provisions of such existing trust." (Paragraph third of the last will and testament of Florence A. Spaar.)

The trust fund was established from the residuary clause of Ralph Spaar's will. However, paragraph 2 of Item VII leaves "the rest, residue and remainder" of this trust to his son, Robert H. Spaar. Therefore, it is determined that Robert H. Spaar is entitled to that portion of the $11,902.63 "pour over" from the will to the trust that caused the trust principal to exceed $50,000, namely, the $11,902.63 plus interest on that amount from the date of the transfer to American Bank and Trust Co. of Pa., i.e., May 6, 1976.

## CONCLUSIONS OF LAW

1. A "pour over" from a will to a trust already in existence is permitted.

2. Any money transferred to an existing trust must go in accordance with the provisions of the instrument establishing the trust.

## DECREE NISI

And now, March 5, 1979, it is ordered and decreed that the amount of $11,902.63 plus interest from the date of transfer to American Bank and Trust Co. of Pa., i.e., May 6, 1976, to Robert H. Spaar.

And, further, this adjudication is confirmed nisi and shall be confirmed absolutely as of course unless written exceptions hereto are filed or have been filed within ten days of the filing of this adjudication.